# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JASON S. SEXTON,

          Petitioner,    :    Case No. 2:18-cv-424

  - vs -                    District Judge George C. Smith
                                  Magistrate Judge Michael R. Merz

LYNEAL WAINRIGHT, Warden,
  Marion Correctional Institution

                              :

          Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Respondent's Motion to Dismiss the case as barred by the statute of limitations (ECF No. 5). On July 19, 2018, the Court notified Petitioner that his response to the Motion was due to be filed by August 6, 2018 (ECF No. 7). Twice since then the Court has granted Petitioner's requests for extensions of time, with the latest extension expiring September 10, 2018. However, as of the date of this Report, Petitioner has not responded to the Motion.

As enacted in the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), 28 U.S.C. § 2244(d) provides a one-year statute of limitations for habeas corpus cases. In the absence of some later start date, which does not appear to be applicable here, the statute begins to run when the conviction becomes final. The state court record as filed by Respondent shows that sentence on the challenged convictions was imposed October 10, 1997, although the judgment entry was not filed until October 15, 1997. Because Sexton did not file an appeal of right, his conviction became final on the last day he could have done that

November 14, 1997, and expired one year later on November 15, 1998. The Petition in this case was not filed until Sexton placed it in the prison mail system on April 26, 2018. Because that filing is more than nineteen years after the statute of limitations expired, the Petition should be DISMISSED WITH PREJUDICE as untimely filed. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

September 17, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).