# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JASON S. SEXTON,

        Petitioner,    :    Case No. 2:18-cv-424

- vs -                       District Judge George C. Smith
                               Magistrate Judge Michael R. Merz

LYNEAL WAINRIGHT, Warden,
  Marion Correctional Institution

                               :

        Respondent.

## ORDER GRANTING EXPANSION OF THE RECORD AND DENYING REQUEST FOR TRANSCRIPTS

       This habeas corpus case is before the Court on Petitioner's Motion to Expand the Record (ECF No. 14) with the materials attached to that Motion. Because the materials are relevant to Petitioner's defense against the Respondent's Motion to Dismiss (ECF No. 5) and their addition to the record will not violate the rule in *Cullen v. Pinholster*, 563 U.S. 170 (2011), the Motion is GRANTED.

       The case is also before the Court on Petitioner's Motion to order Respondent to provide him with "copies of the transcript." (ECF No. 13, PageID 166.) When Magistrate Judge Vascura ordered the State to respond, she specifically recognized the possibility that the response might be a motion and ordered that Respondent file "those portions of the state court record needed to adjudicate any defense made in the response (Order, ECF No. 2, PageID 22). No transcripts were included in the State Court Record as filed (ECF No. 4). Petitioner asserts that he needs transcripts of the plea and sentencing hearings "to help prove the merits of his due process claim the state trial

1

court failed to inform him of his appellate rights, and his claim of ineffective assistance of trial counsel." (ECF No. 13, PageID 168).

In his Reply/Opposition to the Motion to Dismiss, Sexton refers to the sentencing transcript as proof that he was not made aware of the Capital Procedure Requirements or the fact a Single Trial Judge lacks authority to accept a guilty plea in a death penalty case." (ECF No. 15, PageID 184). He claims the same document would show his counsel failed to consult with him about pursuing a direct appeal. *Id.* at PageID 188.

For purposes of the Motion to Dismiss, the Magistrate Judge assumes the truth of these two assertions by Petitioner, to wit, that (1) he was not made aware of the Capital Procedure Requirements or the fact a Single Trial Judge lacks authority to accept a guilty plea in a death penalty case, and (2) his counsel failed to consult with him about pursuing a direct appeal. If the case survives the Motion to Dismiss, the State will be ordered to file the referenced transcripts Petitioner's Motion that they be furnished now is DENIED.

September 27, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge