# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JASON S. SEXTON,

            Petitioner,      :      Case No. 2:18-cv-424

  - vs -                             District Judge George C. Smith
                                     Magistrate Judge Michael R. Merz

LYNEAL WAINRIGHT, Warden,
  Marion Correctional Institution

                                 :

            Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Respondent's Motion to Dismiss the case as barred by the statute of limitations (ECF No. 5). On July 19, 2018, the Court notified Petitioner that his response to the Motion was due to be filed by August 6, 2018 (ECF No. 7). Twice since then the Court has granted Petitioner's requests for extensions of time, with the latest extension expiring September 10, 2018.

**Timeliness of Opposition**

On September 21, 2018, the Clerk received and docketed Petitioner's Reply/Opposition Brief ("Reply," ECF No. 15). Petitioner claims he deposited this document in the United States mail on September 7, 2018. *Id.* at PageID 195. If that is true, the Reply was timely filed, because a prisoner's papers are deemed filed when deposited in the prison mailing system. However, there is reason to doubt the veracity of Petitioner's representation because the envelope in which the

1

Reply was mailed to the Court is postmarked September 14, 2018. *Id.* at PageID 206. That would make the filing untimely and subject to being stricken. Adjudicating the actual date of mailing, however, would consume more judicial resources than are appropriately devoted to the question. Therefore, unless Respondent produces evidence that Petitioner's certificate of mailing is false, the Magistrate Judge will treat the Reply as timely filed and proceed to the merits of the Motion to Dismiss.

> Sexton pleads the following Grounds for Relief:
>
> > **Ground One:** Mr. Sexton was denied due process and equal protection of the law when the Franklin County Court of Appeals denied his motion for leave to file a direct appeal, and appointment of counsel for that appeal, a violation of the Fourteenth Amendment to the United States Constitution.
> >
> > **Ground Two:** Mr. Sexton was denied due process and equal protection of the law when the trial court and counsel failed to inform him of his appellate rights, and his right to counsel on direct appeal, a violation of the Fourteenth Amendment to the United States Constitution.
> >
> > **Ground Three:** Mr. Sexton was denied his right to effective assistance of counsel when trial counsel failed to consult with him about his right to appeal, and that his guilty plea to aggravated murder with specifications was not in compliance with O.R.C. 2945.06, a violation of the Sixth Amendment to the United States Constitution.

(Petition, ECF No. 1, PageID 17-19.)

**Merits of the Motion to Dismiss**

Habeas corpus actions under 28 U.S.C. § 2254, such as this one, are subject to a one-year statute of limitations, codified at 28 U.S.C. § 2244(d) which provides:

>    (d)
>
>    (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**Respondent's Position**

Sexton was sentenced on October 15, 1997 (State Court Record, Entry, ECF No. 4, PageID 42-43). Because Sexton took no appeal at that time, Respondent asserts his conviction became final November 14, 1997, and the statute of limitations expired one year later, November 15, 1998. During that one year, Sexton filed no application for post-conviction review which would have

tolled the statute. Therefore, Respondent asserts, the Petition, filed April 26, 2018, was approximately nineteen and one-half years too late (Motion, ECF No. 5, PageID 148-49).

**Petitioner's Position**

**Section 2244(d)(1)(B)**

Sexton first claims his Petition is timely under 28 U.S.C. § 2244(d)(1)(B). He asserts there was a state-created impediment to his filing consisting of the trial court's and his trial attorney's failure to advise him at the time of his guilty plea of his appeal rights. He claims this impediment was not removed until he was informed by Inmate Law Clerk John Smith at the Marion Correctional Institution in June 2017 about the possibility of filing for a delayed appeal (Smith Affidavit, ECF No. 14-1, PageID 174; Sexton Affidavit, *id.* at PageID 176). Having learned of that possibility, Sexton filed for a delayed appeal in July 2017 (State Court Record ECF No. 4, PageID 66-68). The Tenth District Court of Appeals denied that delayed appeal September 21, 2017. *Id.* at PageID 107-108. Sexton appealed to the Supreme Court of Ohio on November 3, 2017. *Id.* at PageID 112-13. That Court declined jurisdiction on January 31, 2018. *Id.* at PageID 130. Sexton claims the statute of limitations did not begin to run until ninety days later when the time allowed for him to seek certiorari from the United States Supreme Court expired, which he claims would have been April 29, 2018.[1] Since he filed April 26, 2018, his Petition was, under this theory, timely filed.

---

[1] Ninety days after January 31, 2018, is actually May 1, 2018.

In Ground One, Sexton claims he was denied due process when the Tenth District denied him leave to file a delayed appeal. He says that claim accrued on September 21, 2017, when the Tenth District reached that decision and the statute began to run on that date, was tolled for forty-three days while his appeal to the Supreme Court of Ohio was pending, and then did not expire until December 28, 2018, well after he filed the Petition (Reply, ECF No. 15, PageID 192).

## Analysis

In an effort to show he diligently pursued his rights, Sexton claims he wrote to the State Public Defender seeking assistance after his conviction. He has expanded the record with part of a letter from that office dated December 3, 1998, advising him that his proper remedy was by way of a petition for post-conviction relief and enclosing the required form (ECF No. 14-5, PageID 178). Sexton then filed that Petition *pro se* on December 22, 1998 (State Court Record, ECF No. 4, PageID 46-49). The trial judge dismissed the Petition because it was untimely filed under Ohio Revised Code § 2953.21. *Id.* at PageID 56. Sexton took no appeal from that decision. Indeed, the next thing in the State Court Record is his attempt at a delayed appeal in July 2017.

Sexton gives no account of anything he did to assert his rights between January 28, 1999, when the petition for post-conviction relief was denied and June 2017 when he spoke with the inmate law clerk; his claim that he exercised due diligence during that time is purely conclusory (Reply, ECF No. 15, PageID 193). Complete inaction for more than eighteen years is simply not due diligence and Sexton is not entitled to equitable tolling of the statute for any of that time.

As an alternative theory, Sexton argues the trial court's and his trial attorney's failure to advise him of his appellate rights constituted a state-created impediment to his filing. Sexton is

5

correct that if his attorney provided ineffective assistance of trial counsel, that must be attributed to the State. Were it not so, ineffective assistance of trial counsel would not violate the Sixth Amendment, which imposes obligations on the State, not attorneys *qua* attorneys.

In support of this theory, Sexton relies on *DiCenzi v. Rose*, 452 F.3d 465 (6th Cir. 2006). In that case the petitioner claimed, as Sexton does here, that neither the trial court nor his trial attorney advised him of his right to appeal. Because the maximum sentence was imposed, the trial court was statutorily obliged to advise him of that right, despite his guilty plea, under Ohio Revised Code § 2953.08. About two years after he was sentenced, DiCenzi contacted the public defender and then filed a motion for delayed appeal. One of DiCenzi's grounds for relief paralleled Sexton's Ground One, to wit, that he was denied due process when he was denied a delayed appeal. The Sixth Circuit found this claim accrued when the delayed appeal was denied and his subsequent habeas petition was timely as to this claim. DiCenzi had three other habeas grounds related to his sentencing. The Sixth Circuit remanded for a district court determination of when DiCenzi could reasonably have learned of his appeal rights in the exercise of due diligence.

*DiCenzi* supports Sexton's claim that his Petition is timely as to the First Ground for Relief because of when that claim accrued. But *DiCenzi* does not support timeliness of Grounds Two and Three because Sexton has offered no evidence of any action that might be deemed due diligence between January 1999 and June 2017. As Respondent points out, the burden of proving diligence rests on a habeas petitioner (Motion, ECF No. 5, PageID 149, citing *DiCenzi, Lott v. Coyle*, 261 F.3d 594 (6th Cir. 2001), and *Johnson v. United States,* 544 U.S. 295 (2005)).

Moreover, Sexton presents no authority for the proposition that a trial court's failure to advise of a right to appeal constitutes a state-created impediment to filing a habeas petition. Nor

6

does he present authority that there is a federal constitutional right to be advised by a trial court of a right to appeal.

**Section 2244(d)(1)(D)**

To obtain a later starting date for the statute of limitations under subsection (d)(1)(D), a petitioner is expressly required to show when he could have discovered the factual predicate of his claim in the exercise of due diligence. Based on *DiCenzi*, Ground One is timely because Sexton filed within one year of learning of its factual predicate. But that is not true of Grounds Two and Three. Sexton knew as soon as it happened in October 1997 that the trial judge had not told him he had a right to appeal and his attorney had not consulted with him about an appeal and possible grounds for appeal. Those are the factual predicates of Grounds Two and Three. Sexton claims he did not learn until his conversation with Inmate Law Clerk Smith in June 2017 the legal significance of those facts or at least the legal significance he now claims for those facts. But there is no deep mystery, at least inside the prison system, that there is a right to appeal from a final judgment of conviction and a right to appointed counsel for such an appeal. To allow a prisoner to do nothing to protect his rights for over eighteen years and allow that to excuse untimely filing would essentially write the statute of limitations out of the Judicial Code.

The Tenth District bolstered this finding of lack of diligence when it concluded, "Sexton has presented no viable reason for the delay in his attempt to appeal. He entered into a plea bargain and received the benefit of that plea bargain. He should not now be permitted a direct appeal from the agreement he made almost 20 years ago." *State v. Sexton*, Case No. 17AP-564 (10th Dist. Sept. 21, 2017).

Sexton relies on *Granger v. Hurt*, 90 Fed. Appx. 97 (6th Cir. 2004), but the facts of that case are materially different. There the inmate thought his attorney was appealing and did not discover no appeal had been taken until two months past the filing deadline. The circuit court excused that two-month delay, finding it was reasonable. In this case we have an eighteen-year delay before Sexton filed his motion for delayed appeal, and no reasonable excuse for the delay.

**Conclusion**

The habeas corpus statute of limitations applied on a claim-by-claim basis. *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005); *Bachman v. Bagley*, 487 F.3d 979, 983, 984-85 (6th Cir. 2007). Sexton's First Ground for Relief did not accrue until the Tenth District denied his delayed appeal and his Petition is therefore timely as to that Ground. The Court should deny the Motion to Dismiss as to Ground One.

However, he has not shown due diligence with respect to Grounds Two and Three and those claims should be dismissed with prejudice as untimely filed. Because reasonable jurists would not disagree with this conclusion as to Grounds Two and Three, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

October 4, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).