# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JASON S. SEXTON,

        Petitioner,    :    Case No. 2:18-cv-424

- vs -    District Judge Sarah D. Morrison
    Magistrate Judge Michael R. Merz

LYNEAL WAINRIGHT, Warden,
  Marion Correctional Institution

        :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Jason Sexton, is before the Court after remand by the United States Court of Appeals for the Sixth Circuit. *Sexton v. Wainwright*, 968 F.3d 607 (6th Cir. 2020).

Sexton pleads the following Grounds for Relief:

> **Ground One:** Mr. Sexton was denied due process and equal protection of the law when the Franklin County Court of Appeals denied his motion for leave to file a direct appeal, and appointment of counsel for that appeal, a violation of the Fourteenth Amendment to the United States Constitution.
>
> **Ground Two:** Mr. Sexton was denied due process and equal protection of the law when the trial court and counsel failed to inform him of his appellate rights, and his right to counsel on direct appeal, a violation of the Fourteenth Amendment to the United States Constitution.
>
> **Ground Three:** Mr. Sexton was denied his right to effective assistance of counsel when trial counsel failed to consult with him about his right to appeal, and that his guilty plea to aggravated murder with specifications was not in compliance with O.R.C.

1

>2945.06, a violation of the Sixth Amendment to the United States Constitution.

(Petition, ECF No. 1, PageID 17-19).

In a Substituted Report and Recommendations, the Magistrate Judge recommended granting Respondent's Motion to Dismiss the entire Petition as barred by the statute of limitations in 18 U.S.C. § 2244(d)(ECF No. 23). District Judge George Smith[1] adopted that Report and dismissed the case (ECF Nos. 25 and 26).

On appeal the Sixth Circuit limited its consideration to Ground One. 968 F.3d at 609. It held:

>The same reasoning [distinguishing appeal-based claims from trial-based claims] applies to Sexton's case. He raised three grounds for relief, two of which were about a proceeding in 1997, and one of which was about a proceeding in 2017. [footnote omitted] (PageID 1719.) This appeal concerns only Ground One—the one about the 2017 proceeding. Sexton claims that the Court of Appeals denied him due process and equal protection by refusing to let him file his appeal late and that he remains confined because of that decision. The denial order was therefore a "necessary factual predicate" for Ground One, *Smith v. Meko*, 709 F. App'x 341, 346 (6th Cir. 2017), and he filed the instant action within one year of the order's entry. Ground One was therefore a timely made claim under 28 U.S.C. § 2244(d)(1)(D) and the district court erred in dismissing it as untimely. We will remand the case.
>
>It bears noting, however, that Sexton's appeal-based claim is not a permission slip to pursue otherwise untimely trial-based claims. On remand, Sexton will need to show that the Ohio Court of Appeals failed to provide him with due process or equal protection simply because it declined to allow a years-late appeal. That will be a difficult argument to make, for courts of appeals have ample reasons to refuse to hear late appeals, even meritorious ones. The hill is particularly steep given the standard for granting habeas relief. See 28 U.S.C. § 2254(d). But these aspects go to the merits, not timeliness. We granted Alfred DiCenzi a remand so that he could pursue and argue his timely filed claims, and we do the same here.

*Id.* at 613.

---

[1] After deciding this case, Judge Smith continued to serve the Court as a senior judge until his death on August 15, 2020. Thereafter the case was reassigned to District Judge Sarah D. Morrison.

2

After the Supreme Court denied certiorari, the Sixth Circuit issued its Mandate, returning jurisdiction to this Court on January 18, 2021 (ECF No. 38).  The Court thereupon ordered an answer from Respondent and a reply from Petitioner, both of which have been filed (ECF Nos. 40 and 42).  The State Court Record had been filed at the outset of the case (ECF No. 4).  Thus the case is ripe for decision on remand.

## Analysis

Sexton's sole surviving claim on remand is that the Franklin County Court of Appeals denied him due process of law and equal protection of the laws, both in violation of the Fourteenth Amendment to the United States Constitution, when it denied his request for a delayed direct appeal.

Respondent argues the statute of limitations defense at length in the Return of Writ.  As to Grounds Two and Three, the Sixth Circuit has already affirmed this Court's dismissal of those claims on limitations grounds.  As to Ground One, while Respondent is entitled to preserve the State's position on that question[2], this Court is bound by the mandate rule to accept that Sexton's Petition was timely as to Ground One, his appeal-based claim.

On the merits of Ground One, Respondent asserts "Sexton's claim lies beyond the scope of federal habeas review as it involves an alleged error on postconviction review." (Return, ECF No. 40, PageID 343).  The Magistrate Judge disagrees.  Sexton flatly asserts that the denial of a delayed appeal denied him due process of law and the equal protection of the laws.  It is fairly easy to imagine state court conduct in connection with a delayed appeal that would violate the Equal Protection Clause.  For

---

[2] Although the Supreme Court denied certiorari to review the Sixth Circuit's decision, it could reconsider that question if the Sixth Circuit again issues on appeal a decision adverse to the State.

example, if a delayed direct appeal were granted, but a court of appeals then denied appointment of counsel or a necessary transcript, there is clearly established Supreme Court precedent finding those acts would violate the Fourteenth Amendment. *Griffin v. Illinois*, 351 U.S. 12 (1956); *Douglas v. California*, 372 U.S. 353 (1963).

Sexton's claim in his Reply is that he had a federal constitutional right to a delayed appeal because he had not been advised of his direct appeal rights either by his attorney or the trial court. In his Petition he stated the claim as follows:

> The Franklin County Court of Appeals denial of Sexton's motion for leave to appeal is contrary to clearly established federal law which holds the [F]ourteenth [A]mendment requires an appellate court to allow a late appeal where the delay was due to the defendant's lack of notice of a right to appeal, regardless of how that right has been limited by the defendant's guilty plea.

(Petition, ECF No. 1, PageID 18).

**Litigation History**

The January 10, 1997, term of the Franklin County Grand Jury indicted Sexton on three counts of aggravated murder in violation of Ohio Revised Code § 2903.01 with capital specifications (Counts 1-3), one count of kidnapping in violation of Ohio Revised Code § 2905.01 (Count 4), and one count of aggravated robbery in violation of Ohio Revised Code § 2911.01 (Count 5)(Indictment, State Court Record ECF No. 4, Exhibit 1).

Experienced capital counsel negotiated a plea agreement on Sexton's behalf providing he would plead guilty to the aggravated murder and aggravated robbery charges in return for dismissal of the remaining charges and an agreed sentence of twenty years to life for the murder counts and a consecutive ten to twenty-five years for the aggravated robbery (Plea Agreement, State Court Record, ECF No. 4, Ex. 4). The State also agreed not to pursue rape charges for Sexton's rape of a fellow

inmate at the Franklin County Jail. *Id.* In the Entry of Guilty Plea pursuant to the Plea Agreement, Sexton represented in conclusory fashion that he had been advised of his constitutional and statutory rights by the court and by counsel and that he was fully satisfied with the legal representation he had received (Entry, State Court Record, ECF No. 4, Ex. 5). The trial judge on October 15, 1997, imposed the agreed-upon sentence. *Id.* at Ex. 6.

Sexton filed a petition for post-conviction relief under Ohio Revised Code § 2953.21 more than a year later on December 22, 1998. *Id.* at Ex. 8. As his first claim, he alleged he was "misrepresented" by his attorney who allegedly "overlooked details, failed to file motions, and encouraged me not to fight the case." *Id.* at PageID 47. Sexton did not allege that his attorneys[3] had failed to advise him of any right to appeal. In denying the petition, the trial judge found it was untimely because it had not been filed within 180 days[4] of the expiration of the time for appeal (Decision, State Court Record, ECF No. 4, Ex. 9, PageID 56). Thus not later than January 1999 Sexton was advised that any right to a direct appeal which he may have had expired more than 180 days before December 22, 1998. The trial court alternatively found no merit to Sexton's ineffective assistance of trial counsel claim. *Id.* at PageID 56-57.

Sexton certainly knew at the time of his post-conviction petition as much about what his lawyers told him on his right to appeal as he knew in 2017 when he sought a delayed appeal. Thus any ineffective assistance of trial counsel claim to excuse his procedural default in filing so late would be barred by Ohio's *res judicata* doctrine enunciated in *State v. Perry*, 10 Ohio St. 2d 175 (1967).

Sexton's next filing occurred more than eighteen years later on August 8, 2017, when he filed a Notice of Appeal (*Id.* at Ex. 10) and his Motion for delayed appeal. *Id.* at Ex. 11. He claimed his failure to file a timely appeal was the result of the trial judge's and trial attorneys' failure to advise him of that right. *Id.* at PageID 67. He claimed to have an issue under *State v. Parker*, 95 Ohio St. 3d 524

---

[3] As a capitally-charged defendant, Sexton had two appointed counsel.
[4] This limitation period has subsequently been increased to 365 days.

5

(2002).  He also claimed he did not learn of the possibility of a delayed appeal until January 2017. *Id.*

The Franklin County Prosecutor opposed a delayed appeal on the grounds it was extremely untimely (Memorandum Contra, State Court Record, ECF No. 4, Ex. 12).  The prosecutor noted that Sexton had provided no transcript of the plea colloquy or sentencing hearing to prove he had not been advised of his appellate rights. *Id.* The Memorandum also points out that Sexton had no right to appellate review of his sentence because it had been agreed upon and his claim under Ohio Revised Code § 2945.06 could only be raised on direct appeal under Ohio law.

In reply, Sexton relied on *Wolf v. Randle*, 267 F. Supp. 2d 743 (S.D. Ohio 2003), which he cited for the proposition "due process is offended when a Defendant who pled guilty is kept completely ignorant of appellate rights." (Reply Memorandum, State Court Record, ECF No. 4, Ex. 13, PageID 103).

The Tenth District Court of Appeals denied the delayed appeal motion in a brief Memorandum Decision, holding:

> **{¶ 3}** Sexton has presented no viable reason for the delay in his attempt to appeal. He entered into a plea bargain and received the benefit of that plea bargain. He should not now be permitted a direct appeal from the agreement he made almost 20 years ago.

(*State v. Sexton*, Case No. 17AP-564 (10th Dist. July 13, 2018), copy at State Court Record, ECF No. 4, Ex. 14)).

Thus Sexton presented the constitutional claim made in Ground One to the Tenth District, to wit, that he was constitutionally entitled to a delayed appeal because he had not been informed of his appellate rights.  Albeit in summary fashion, the Tenth District decided that claim against Sexton on the merits.  The Tenth District's decision here is the final state court decision on the merits because the Supreme Court of Ohio declined to exercise appellate jurisdiction (Entry, State Court Record, ECF No. 4, Ex. 17).

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

As noted above, Sexton relies on *Wolf v. Randle, supra*, as authority for the proposition that an Ohio court of appeals denies a criminal defendant due process of law when it denies him a delayed appeal where the record shows he was not advised of his right to directly appeal. While *Wolf* is a decision of a judge of this Court, it is not binding precedent. See *Threadgill v. Armstrong World Industries, Inc.,* 928 F.2d 1366, 1371 (3rd Cir. 1991). See also *Colby v. J.C. Penney Co., Inc.*, 811 F.2d 1119, 1124 (7th Cir. 1987) (district judges should not treat decisions of other district judges as controlling unless doctrines of *res judicata* or collateral estoppel apply); *United States v. Article of Drugs Consisting of 203 Paper Bags*, 818 F.2d 569, 572 (7th Cir. 1987) (single district court decision has little precedential effect and is not binding on other district judges in the same district); *Starbuck v. City and County of San Francisco*, 556 F.2d 450, 457 n.13 (9th Cir. 1977 (same); *Farley v. Farley*, 481 F.2d 1009 (3rd Cir. 1973) (even a three judge decision of the district court is not necessarily binding on any other district court); and *EEOC v. Pan American World Airways*, 576 F. Supp. 1530, 1535 (S.D.N.Y. 1984) (district court decision was not binding even on other district courts in the same district).

That is particularly true in habeas corpus where relief can be granted only if the state court decision is an unreasonable application of the holdings of Supreme Court precedent. *Bryan v. Bobby*, 843 F.3d 1099 (6th Cir. 2016), citing *White v. Woodall*, 572 U.S. 415 (2014).

> In analyzing whether a state-court decision is contrary to or an unreasonable application of federal law, we look only to clearly established Supreme Court precedent that existed when the state court rendered its decision. *Greene v. Fisher*, 565 U.S. 34, 38 (2011). A state-court decision is contrary to that precedent if the state court's reasoning or result contradicts that precedent. *Early v. Packer,* 537 U.S. 3, 8 (2002). And the state court unreasonably applies clearly established law when it correctly identifies the governing legal rule but applies it unreasonably to the facts. *White v. Woodall*, 572 U.S. 415, 426 (2014). The application must have been "objectively unreasonable" such that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 419–420 (quoting *Harrington*, 562 U.S. at 103).

*Coleman v. Bradshaw*, 974 F. 3d 710, 716 (6th Cir. 2020).

Neither Sexton nor the *Wolf* Court points to any clearly-established Supreme Court precedent which holds due process or equal protection is violated when a defendant is not given a delayed appeal which he requests almost twenty years after the time for appeal of right expires. Supreme Court precedent closest to this case emphasizes the equal protection interests of indigent appellants to attorneys and transcripts. *Douglas* and *Griffin* can be read more generally for the proposition that an indigent criminal defendant cannot be denied the necessary tools for appeal that would be available to a defendant with retained counsel.

But because he was capitally charged, Sexton received more than the usual indigent felon. He was appointed as trial counsel two attorneys particularly certified as capable in capital cases. And they achieved a very good result: three counts of aggravated murder, any one of which could have resulted in Sexton's execution, reduced to one count with the mandatory minimum sentence of twenty to life. Had Sexton proceeded to trial and been convicted and sentenced to death, he would have received the same appellate consideration as any other capital defendant in Ohio: an automatic and counseled appeal to the Supreme Court of Ohio. Had he lost there he would have

8

received free post-conviction counsel from superbly prepared and committed attorneys.

Unlike the situation in *Wolf*, we do not have transcripts of the plea colloquy or sentencing hearing. Presumably they were never prepared because no appeal was taken. Whether they still could be prepared today and what they would show, the Court does not know; it has only Sexton's word for what did not happen. Sexton has also not produced any evidence from either of his two attorneys about what they told him about appeal. Petitioner's counsel in *Wolf* could not remember what had passed between him and Wolf about appeal and was asked only four years after the fact. But here nearly twenty years had expired. Finally, as the *Wolf* Court noted, prior experience with the criminal justice system can alert a defendant about the right to appeal and therefore bar a delayed appeal. Sexton has offered no evidence on that point.

"The petitioner bears the burden of showing by a preponderance of the evidence that he was not advised of his rights." *Wolf* at 748, citing *Faught v. Cowan*, 507 F.2d 273, 275 (6th Cir. 1974). Sexton has not carried that burden here in the evidence he presented in to the Tenth District.

While Ohio has no absolute deadline for filing a motion for a delayed appeal, the State's interest in the finality of its criminal judgments supports weighing long delays heavily against a movant. In this Court's experience, Ohio courts of appeals[5] are relatively generous in granting delayed appeals when applications are made within a few months of the appeal of right deadline. Conversely, when many years pass, concomitant hurdles to good judicial decisionmaking arise, e.g., dimmed memories of case participants and witnesses, inability to construct a complete appellate record, etc. These are the sorts of considerations which presumably prompted the Sixth Circuit to note in this case that "courts of appeals have ample reasons to refuse to hear late appeals, even meritorious ones." 968 F.3d at 613.

---

[5] Though resident at the Dayton seat of court, the Magistrate Judge routinely considers habeas corpus cases from all the Ohio courts of appeal in the Southern District: the First, Second, Fourth, Twelfth, and Tenth in particular.

9

Although it expressed itself in summary fashion, the Tenth District had ample good reasons to deny Sexton's application. In fact he waited six months from when he allegedly first learned about delayed appeals until he actually asked for one, six times the amount of time allowed for noticing a direct appeal of right.

There is no federal constitutional right to appeal criminal verdicts for error review. *McKane v. Durston*, 153 U.S. 684 (1894), cited as still good law in *Lopez v. Wilson,* 426 F.3d 339, 355 (6th Cir. 2005); *Halbert v. Michigan*, 545 U.S. 605 (2005). "Due process does not require a State to provide appellate process at all." *Goeke v. Branch*, 514 U.S. 115, 120 (1995). Sexton and the *Wolf* Court treat a State's decision to grant appeals as a sort of binary decision: the State does not have to grant appeals at all, but if it does, it must provide a full panoply of protections for the exercise of that right, including a delayed appeal after two decades. But the undersigned believes the Due Process and Equal Protection Clauses are not that rigid.

Under Ohio law, whether to grant or deny a delayed appeal is a matter of discretion. *State v. Padgitt,* 10th Dist. No. 99AP-1085 (1999). No holding of the United States Supreme Court removes that discretion because a defendant claims, twenty years later and on slim proof, that he did not know about his right to appeal.

Even if it was constitutional error to deny Sexton a delayed appeal, it was harmless error. The sole issue Sexton seeks to raise in his delayed appeal is that his sentence violates Ohio Revised Code § 2945.06 as interpreted in *State v. Parker, supra*. In his Motion for Delayed Appeal, he claims:

> 3. My attorney's [sic] did riot mention anything about having the right to appeal the legality of my guilty plea, or that my plea was invalid pursuant to R.C. 2945.06,a single judge lacked jurisdiction to accept my plea in a capital case and that I could not waive my right to a trial by a three judge panel.

10

> 4. Because the transcripts of my plea to aggravated murder with specifications was not in compliance with the three judge panel requirement of R.C. 2945.06 and Criminal Rule 11(C)(3), this is evidence of non-frivolous ground for appeal under *State v. Parker*, 95 Ohio St. 3d 524, 2002-Ohio-2833.

(Motion, State Court Record, ECF No. 4, PageID 67).

Contrary to Sexton's belief, *Parker* does not provide him any relief in this case. In that case the defendant pleaded guilty to aggravated murder with a capital specification. As part of the plea agreement, the State agreed it would not seek the death penalty, but it did not amend the indictment to delete the capital specification. The Ohio Supreme Court held that the single trial judge lacked jurisdiction to accept defendant's plea in a capital case and that defendant could not waive the right to a trial by a three-judge panel. Regardless of the State's agreement not to seek the death penalty, defendant was still charged with a capital offense and was entitled to have his case heard and decided by a three-judge panel after he waived a jury trial.

That is clearly not Sexton's situation. Here the capital specifications were dismissed as part of the plea agreement, so the trial judge was not presiding alone over a case with capital specifications. Moreover, there was an agreed sentence which it was clearly in Sexton's interest to have the court accept. Since the single trial judge assigned to the case agreed to accept the recommended sentence, the only thing two more judges would have added was the possibility of having the agreed sentence thrown out.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition herein be dismissed with prejudice. Because the Sixth Circuit vacated this

11

Court's prior judgment on remanding the case, all three grounds for relief should be reflected in a new judgment.

The opinion of District Judge S. Arthur Spiegel in *Wolf* and the report of Magistrate Judge Jack Sherman, Jr., which Judge Spiegel adopted show that reasonable jurists could disagree with the foregoing conclusion. It is therefore also recommended that a certificate of appealability be issued to allow Petitioner to appeal on Ground One.

March 1, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #