## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

JASON S. SEXTON,

                    Petitioner,           :      Case No. 2:18-cv-424

      - vs -                        District Judge Sarah D. Morrison
                                      Magistrate Judge Michael R. Merz

LYNEAL WAINRIGHT, Warden,
  Marion Correctional Institution

                            :
                    Respondent.

---

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

This habeas corpus case is before the Court after remand by the United States Court of Appeals for the Sixth Circuit. *Sexton v. Wainright*, 968 F.3d 607 (6th Cir. 2020). On appeal the circuit court granted a certificate of appealability only as to Ground One (ECF No. 31), thereby leaving in place this Court's decision that Grounds Two and Three were barred by the statute of limitations codified.

As to Ground One, which the circuit court characterized as Sexton's appeal-based claim, it found the Petition was timely because filed within one year of the state court action claimed to be unconstitutional: denial of a delayed appeal. It vacated the judgment and remanded the case for consideration of Ground One on the merits. 968 F.3d at 614.

After the mandate issued, the Court ordered Respondent to file an answer and set a date for Petitioner to file a reply (ECF No. 39). Both parties complied (ECF Nos. 40, 42). The Magistrate Judge then filed a Report and Recommendations recommending dismissal but also issuance of a certificate of appealability (ECF No. 44). The Warden and Petitioner have both objected (ECF

Nos. 45, 50). District Judge Morrison has recommitted the case for reconsideration in light of the Objections (ECF No. 49).

The sole Ground for Relief before this Court on remand is:

> **Ground One:** Mr. Sexton was denied due process and equal protection of the law when the Franklin County Court of Appeals denied his motion for leave to file a direct appeal, and appointment of counsel for that appeal, a violation of the Fourteenth Amendment to the United States Constitution.

# Analysis

## Respondent's Objections

### Statute of Limitations

Respondent persists in arguing Ground One is barred by the statute of limitations. While the State is free to preserve the issue and continue to hope that some day the Supreme Court may adopt its position, this Court is bound under the mandate rule to follow the Sixth Circuit's decision. Based on that decision, the Court should conclude Ground One is not barred by the statute of limitations.

### Cognizability

In the Return, the State argued that Ground One was not cognizable in habeas because a motion for a delayed appeal is a collateral proceeding and errors in such proceedings are not cognizable in habeas (ECF No. 40, PageID 345, citing *Kirby v. Dutton*, 794 F.2d 245 (6th Cir. 1986); *Roe v. Baker*, 316 F.3d 557, 571 (6th Cir. 2002); *Alley v. Bell*, 307 F.3d 380, 387 (6th Cir. 2002)).

The Report dealt with this defense summarily by hypothesizing clear constitutional violations in the conduct of a delayed direct appeal, e.g., by allowing the appeal and then denying appointment of counsel or a free transcript (Report, ECF No. 44, PageID 385, citing *Griffin v. Illinois*, 351 U.S. 12 (1956); *Douglas v. California*, 372 U.S. 353 (1963)).

Respondent objects that this analysis improperly conflates the procedure for granting or denying a delayed appeal with the process that is constitutionally mandated if a delayed appeal is granted (Objections, ECF No. 45, PageID 397).  Respondent again relies on *Kirby*, *Roe*, and *Alley*, along with numerous decisions of other Magistrate Judges of this Court. *Id.* at PageID 397-98.

In the prior appeal in this case, the Sixth Circuit did not comment on the cognizability of Ground One and this Court is not advised of whether the State attempted to defend this Court's prior judgment by making this argument.  The circuit court's opinion seems to imply cognizability. It wrote:

> On remand, Sexton will need to show that the Ohio Court of Appeals failed to provide him with due process or equal protection simply because it declined to allow a years-late appeal. That will be a difficult argument to make, for courts of appeals have ample reasons to refuse to hear late appeals, even meritorious ones. The hill is particularly steep given the standard for granting habeas relief. See 28 U.S.C. § 2254(d). But these aspects go to the merits, not timeliness.

968 F.3d at 613.  While this language appears to imply cognizability of Ground One, the Magistrate Judge cannot assume the Sixth Circuit thereby intended to overrule a line of published precedent.

*Kirby* is the foundational precedent in this circuit.  In that capital case a Tennessee prisoner claimed he was denied effective assistance of counsel in a state post-conviction proceeding.  The Sixth Circuit did not reach the merits of that claim, holding instead Kirby's claims could not be brought in habeas corpus.  794 F.2d at 246.  The circuit court relied on an analogy to *Preiser v. Rodriquez*, 411 U.S. 475 (1973), where the Supreme Court held release from custody could not be

3

sought in an action under 42 U.S.C. § 1983.  *Roe v. Baker*, 316 F.3d 557 (6th Cir. 2002), reached

the same result, declining to hear on the merits a claim that the state court of appeals failed to

provide a full and fair hearing on appeal from denial of a post-conviction petition. *Id.* at 571.

Finally, in *Alley v. Bell*, 370 F.3d 380 (6th Cir. 2002), the court held "error committed during state

post-conviction proceedings can not [sic] provide a basis for federal habeas relief." *Id.* at 387.

Other judges of this Court have reached the same result.  In *Quillen v. Marion Corr. Inst.*,

2013 U.S. Dist. LEXIS 9933, *54-57 (S.D. Ohio 2013), Magistrate Judge Karen Litkovitz held

that petitioner's claim that denial of a delayed appeal deprived him of due process and/or access

to court did not state a claim cognizable in habeas.  Judge Litkovitz cited other holdings to that

effect by other judges of this Court:  *Kelley v. Brunsman,* 625 F. Supp.2d 586, 598-99 (S.D. Ohio

2009); *Jones v. Warden, Chillicothe Corr. Inst.,* No. 1:07cv349, 2008 U.S. Dist. LEXIS 15538,

2008 WL 618639, at *1, *7 (S.D. Ohio Feb. 29, 2008) (Dlott, J.; Black, M.J.); *Korbel v. Jeffreys,*

No. 2:06cv625, 2007 U.S. Dist. LEXIS 79362, 2007 WL 3146248, at *3 (S.D. Ohio Oct. 24, 2007)

(King, M.J.) (Report & Recommendation), adopted, 2008 U.S. Dist. LEXIS 5179, 2008 WL

207932 (S.D. Ohio Jan. 24, 2008) (Marbley, J.).  In *Crenshaw v. Hart,* 2008 U.S. Dist. LEXIS

115133 (S.D. Ohio 2008), then[1] Magistrate Judge Black found a delayed appeal claim non-

cognizable on the basis of *Kirby*, *Alley,* and *Cress v. Palmer,* 484 F.3d 844, 853 (6th Cir. 2007).

On reconsideration, the Magistrate Judge agrees with Respondent that he erred in finding

Ground One to be cognizable in habeas corpus and now recommends Ground One be dismissed

without prejudice for failure to state a claim upon which habeas corpus relief can be granted.

---

[1] Timothy S. Black was subsequently appointed to be a District Judge of this Court.

## Sexton's Objections

### Sexton's First Objection:  State Court Decision Not on the Merits

Having concluded in the original Report that Ground One was cognizable, the Magistrate Judge found it nevertheless to be without merit because Sexton could point to no Supreme Court precedent holding that denial of a delayed appeal twenty years after the time for appeal of right expired constituted either a denial of due process or equal protection (ECF No. 44, PageID 389-91).  Thus the Report recommended denying Ground One on the basis of deference to the state court of appeals under 28 U.S.C. § 2254(d)(1).  *Id.*

Sexton objects that the Court should not defer to the Tenth District Court of Appeals because it did not decide his claim on the merits (Objections, ECF No. 50, PageID 409).  This is so, he says, because it did not give any case citations or spell out its reasoning. *Id.* citing *Schoenberger v. Russell,* 290 F.3d 831 (6th Cir. 2002).  The *Schoenberger* court held:

> Although petitioner raised a claim that admission of this testimony violated both due process and his right to a fair trial, the Ohio court of appeals did not directly address these constitutional issues. In the absence of a state court decision, we conduct an independent review of federal law to determine if the state court either contravened or unreasonably applied clearly established federal law. *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000).

290 F.3d at 835.  Because *Schoenberger* is a published decision, we are bound to follow it unless it has been superseded by Supreme Court precedent.  However, the Supreme Court has now held that a state court decision can constitute an "adjudication on the merits" entitled to deference under 28 U. S. C. § 2254(d)(1) even if the state court does not explicitly refer to the federal claim or to relevant federal case law.  In *Harrington v. Richter*, 562 U.S. 86 (2011), the Supreme Court held:

By its terms § 2254(d) bars relitigation of any claim "adjudicated on the merits" in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2). There is no text in the statute requiring a statement of reasons. The statute refers only to a "decision," which resulted from an "adjudication." As every Court of Appeals to consider the issue has recognized, determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning. *See Chadwick v. Janecka*, 312 F.3d 597, 605-606 (CA3 2002); *Wright v. Secretary for Dept. of Corrections*, 278 F.3d 1245, 1253-1254 (CA11 2002); *Sellan v. Kuhlman*, 261 F.3d 303, 311-312 (CA2 2001); *Bell v. Jarvis*, 236 F.3d 149, 158-162 (CA4 2000) (en banc); *Harris v. Stovall,* 212 F.3d 940, 943, n. 1 (CA6 2000); *Aycox v. Lytle,* 196 F.3d 1174, 1177-1178 (CA10 1999); *James v. Bowersox*, 187 F.3d 866, 869 (CA8 1999). And as this Court has observed, a state court need not cite or even be aware of our cases under § 2254(d). *Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002) (per curiam). Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief. This is so whether or not the state court reveals which of the elements in a multipart claim it found insufficient, for § 2254(d) applies when a "claim," not a component of one, has been adjudicated.

*Id.* at 98. "This Court now holds and reconfirms that § 2254(d) does not require a state court to give reasons before its decisions can be deemed to have been 'adjudicated on the merits.'" *Id.* at 100. "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary*." Brown v. Bobby*, 656 F.3d 325, 329 (6th Cir. 2011), *quoting Harrington,*131 S. Ct. at 784-85. When the state court is silent as to its reasoning in denying a claim, "a habeas court must determine what arguments or theories supported or ... could have supported the state court's decision." *Walker v. McGuiggan*, 656 F.3d 311, 318 (6th Cir. 2011), vacated on other *grounds Howes v. Walker*, 132 S. Ct. 2741, 183 L. Ed. 2d 32 (2012)*, quoting Harrington,* 131 S. Ct. at 786. When the state court gives no explanation of

its decision, "a habeas petitioner may meet his or her burden 'by showing there was no reasonable

basis for the state court to deny relief.'" *Carter v. Mitchell*, 693 F.3d 555, 562 (6th Cir. 2012),

*quoting Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 784 (2011); *Moore v. Mitchell,* 708

F.3d 760, 776-77 (6th Cir. 2013).   When a state court rules against a defendant in an opinion that

rejects some of the defendant's claims but does not expressly address a federal claim, a federal

habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits.

*Johnson v. Williams*, 568 U.S. 289 (2013).

> The Supreme Court has made clear that § 2254(d), as amended by
> AEDPA, is a purposefully demanding standard. *See Harrington v.*
> *Richter*, 131 S. Ct. 770, 786, 178 L. Ed. 2d 624 (2011) ("If [§
> 2254(d)] is difficult to meet, that is because it was meant to be.").
> And, although § 2254(d) "reflects the view that habeas corpus is a
> guard against extreme malfunctions in the state criminal justice
> systems," it does not function as a "substitute for ordinary error
> correction through appeal." *Id.* (internal quotation marks omitted).
> Rather, to obtain relief, the state criminal defendant "must show that
> the state court's ruling on the claim being presented in federal court
> was so lacking in justification that there was an error well
> understood and comprehended in existing law beyond any
> possibility for fairminded disagreement." *Id.* at 786-87. This "highly
> deferential standard for evaluating state-court rulings . . . demands
> that state-court decisions be given the benefit of the doubt." *Cullen*
> *v. Pinholster*, 131 S. Ct. 1388, 1398, 179 L. Ed. 2d 557 (2011)
> (internal citation and quotation marks omitted).

*Montgomery v. Bobby*, 654 F.3d 668 (6th Cir. 2011)(en banc).

Here the Tenth District summarily denied the motion for delayed appeal, concluding

"Sexton has presented no viable reason for the delay in his attempt to appeal." *State v. Sexton,*

Case No. 17AP-564 ¶ 3 (Ohio App. 10th Dist. Sept. 21, 2017)(unpublished; copy at State Court

Record, ECF No. 4, Ex. 14). Sexton had set forth his reasons for delay in his Motion for Delayed

Appeal (State Court Record, ECF No. 4, Ex. 11) and the Tenth District found none of his excuses

for the delay to be persuasive.  Although short, the Tenth District's decision is undoubtedly on the

7

merits and therefore entitled to deference.

Sexton next objects that "summary denials of a motion for delayed appeal are contrary to the "factual determination requirement" of *State v. Sims*, 27 Ohio St. 2d 79, 272 N.E. 2d 87, 91 (Ohio 1971)" (Objections, ECF No. 50, PageID 409). Whether or not a summary denial violates state law requirements is a question of Ohio law. This habeas corpus court can reject a state court merits determination only if it is contrary to or an unreasonable application of United States Supreme Court precedent, not precedent of the Supreme Court of Ohio.

Sexton's first objection should therefore be overruled.

**Sexton's Second Objection: Lack of Supreme Court Authority for Sexton's Claim**

Sexton next objects to the Magistrate Judge's conclusion that he did not cite any Supreme Court precedent which holds that a defendant is denied due process or equal protection when he is denied a delayed appeal. In support of his objection, he cites *United States ex rel. Smith v. McMann*, 417 F.2d 648, 654 (2nd Cir. 1969), *cert. denied,* 397 U.S. 925 (1970), as an interpretation of *Douglas v. California*, 372 U.S. 353 (1963), requiring that States advise defendants of their right to appeal. *McMann* is, however, a decision of the Second Circuit Court of Appeals, not the Supreme Court. The Supreme Court's denial of certiorari in that case has no precedential value at all. *Teague v. Lane,* 489 U.S. 288, 296 (1989)("the 'denial of a writ of certiorari imports no expression of opinion upon the merits of the case'"(quoting *United States v. Carver,* 260 U.S. 482, 490 (1923)). *Maryland* v. *Baltimore Radio Show, Inc.*, 338 U. S. 912, 919 (1950) (Frankfurter, J., respecting denial of certiorari) ("[T]his Court has rigorously insisted that . . . a denial [of a petition for a writ of certiorari] carries with it no implication whatever regarding

the Court's views on the merits of a case which it has declined to review"). Sexton also cites *Wolfe*

*v. Randle*, 267 F. Supp. 2d 743 (S.D. Ohio 2003). *Wolfe* is also not a Supreme Court decision and,

as the Report notes, it also cites no Supreme Court precedent for this proposition. (Report, ECF

No. 44, PageID 389).

Sexton's Second Objection should therefore be overruled.


**Sexton's Third Objection:  Evidence Sexton Was Not Informed of His Right to Appeal**


In his third Objection, Sexton complains that the Report would not accept his Affidavit as

proof he was uninformed about his right to appeal, even though the Affidavit is unrebutted

(Objections, ECF No. 50, PageID 412, citing Report, ECF No. 44, 390).  What the Report

concluded was that Sexton had not met his burden of proving he was not advised of his appellate

rights from the evidence he presented to the Tenth District. *Id.*.

The Affidavit to which Sexton refers was annexed to his Motion for Delayed Appeal and

is in the State Court Record, ECF No. 4, at Ex. 11, PageID 676-68.  The Report did not "reject"

the Affidavit.  What the Report concluded, albeit in somewhat abbreviated language, was that

Sexton's Affidavit was uncorroborated by guilty plea transcripts or anything from his two trial

lawyers.  Under those circumstances, the decision of the Tenth District to conclude as it did was

not an objectively unreasonable decision based on the evidence before it.  Affidavits are hearsay

and when made by a party to the case, they are self-serving hearsay.  No court is bound to accept

as proven uncorroborated facts set forth in an affidavit prepared by an interested party twenty years

after the fact.

Sexton notes that he sought leave to expand the record to add additional materials

(Objections, ECF No. 50, PageID 412).  The Magistrate Judge granted that Motion because the additional materials were relevant to the statute of limitations defense (Order, ECF No. 17).  But when they are examined, the added materials do not show the Tenth District's decision was an unreasonable determination based on the facts presented to it.  The materials consist of an additional three Affidavits of Sexton himself, the Affidavit of inmate law clerk John Smith about the legal advice he gave Sexton in June of 2017, correspondence by Sexton with the Ohio Public Defender, and a request for appointment of counsel to pursue a post-conviction relief petition because the Ohio Public Defender would not do so.    None of this material purports to speak to whether Sexton was advised of his right to appeal when he entered his guilty plea.

Sexton also relies on *State v. Sims, supra*, as to the adequacy of the Tenth District's holding.  As noted above, whether the Tenth District complied with *Sims* is a question of state law.  Whether the Tenth District erred in that regard is not reviewable in habeas corpus.

At the end of this section of his Objections, Sexton reminds the Court that a waiver of a constitutional right must be an intentional relinquishment of a known right (ECF No. 50, PageID 413, citing *Johnson v. Zerbst,* 304 U.S. 458, 464 (1938), on the waiver of the right to counsel at trial).  The record does not show Sexton intentionally relinquished his right to appeal.  Instead, it shows he procedurally defaulted in exercising that right by not filing a notice of appeal within thirty days of the judgment of conviction.  This is correctly characterized as a forfeiture of the right as opposed to an intentional waiver. of the right.[2]

---

[2] "Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993), see also *Freytag v. C.I.R.*, 501 U.S. 868, 895 (1991)(acknowledging that the Supreme Court has so often used the words interchangeably that it may be too late to introduce precision.)  "[A] constitutional right or a right of any other sort 'may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it.'" *Henderson v. United States*, 568 U.S. 266 (2013), *quoting Yakus v. United States*, 321 U.S. 414, 444 (1944).

Sexton's Third Objection should therefore be overruled.

**Sexton's Fourth Objection:  No Evidentiary Hearing Held**

In his last objection, Sexton claims the Magistrate Judge erred by reaching a factual conclusion on his claim he was not informed of his right to appeal by not holding an evidentiary hearing on that question (Objections, ECF No. 50, PageID 413-415).  He relies on *Stanford v. Parker,* 266 F.3d 442 (6th Cir. 2001); *Sawyer v. Hofbauer,* 299 F3d 605 (6th Cir. 2002); and *Goodwin v. Cardwell*, 432 F.2d 521 (6th Cir. 1973).  This precedent reflects what was relatively common practice in habeas corpus prior to 2011:  as with other contested issues of fact in federal litigation generally, evidentiary hearings were held to determine the facts.  However, in 2011, the Supreme Court decided *Cullen v. Pinholster*, 563 U.S. 170 (2011).  In denying the petition in that case, the Supreme Court held that a federal court's review of a state court decision under 28 U.S.C. § 2254(d)(1) is strictly limited to "review of the state court record," and that evidence acquired through use of an evidentiary hearing may not be considered.  *Id.* at 1399.  See also *Ballinger v. Prelesnik*, 709 F.3d 558, 561 (6th Cir. 2013), and *Bray v. Andrews,* 640 F.3d 731, 737 (6th Cir. 2011).

Sexton's Fourth Objection should also be overruled.

**Unobjected-to Conclusion:  Harmless Error**

The Report concluded that even if it was constitutional error to deny Sexton a delayed appeal, that error was harmless because the claim he sought to raise in the delayed appeal was

without merit (Report, ECF No. 44, PageID 391-92).  Sexton's guilty plea was taken by a single

judge.  He asserted that under *State v. Parker*, 95 Ohio St. 3d 524, 2002-Ohio-2833, a guilty plea

in an aggravated murder case must be taken by a three-judge panel.  The Report noted that in

Parker the capital specification was still in the Indictment when the guilty plea was taken, making

Parker eligible for the death penalty.  Here the capital specification was removed before Sexton

pleaded.  Ohio has no jurisdictional bar on a single judge accepting a guilty plea to aggravated

murder when  there is no capital specification.  Hence Sexton's proposed assignment of error under

*Parker* is without merit and denial of a delayed appeal was harmless.

Sexton's Objections contain no objection to this harmless error analysis.

The failure to file specific objections is a waiver[3] of right to raise issues on appeal. *Thomas*

*v. Arn*, 474 U.S. 140 (1985); *Alspugh v. Mcconnell,* 643 F.3d 162, 166 (6th Cir. 2011);  *Cowherd*

*v. Million,* 380 F.3d 909, 912 (6th Cir. 2004); *Mattox v. City of Forest Park*, 183 F.3d 515, 519 (6th

Cir. 1999);  *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995); *United States v. Walters*, 638 F.2d

947 (6th Cir. 1981);

> Under the *Walters* rule, only specific objections to the Report will
> be preserved for appellate review. *Smith v. Detroit Fed'n of*
> *Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). This is
> because our "function is to review the case presented to the district
> court, rather than a better case fashioned after a district court's
> unfavorable order." *Hall v. Warden, Lebanon Correctional Inst.,*
> 662 F.3d 745, 753 (6th Cir. 2011) (internal quotation marks and
> citation omitted).

*Henson v. Warden,* 2015 U.S. App. LEXIS 13444 *7 (6th Cir. 2015); *Willis v. Sullivan*, 931 F.2d

390, 401 (6th Cir. 1991).  A petitioner who fails to make specific objections to a magistrate judge's

report forfeits his right to appeal the aspects of the report to which he did not object. See *Thomas*

*v. Arn*, 474 U.S. 140, 155 (1985); *Frontier Ins. Co. v. Blaty,* 454 F.3d 590, 596-97 (6th Cir. 2006).

---

[3] Again, the proper characterization is "forfeiture."   See note 2, *supra*.

**Certificate of Appealability**


In the original Report, the Magistrate Judge recommended that Petitioner be granted a certificate of appealability on Ground One because the opinions of District Judge S. Arthur Spiegel and Magistrate Judge Jack Sherman in *Wolfe v. Randle*, 267 F. Supp. 2d 743 (S.D. Ohio 2003), show that reasonable jurists could disagree with the Magistrate Judge's conclusion on Ground One.  Respondent does not object to this conclusion.

Respondent does object to any certificate of appealability as to Grounds Two and Three; Petitioner's Objections do not disagree on this point.  Because this Court already denied a certificate on those two Grounds and the Sixth Circuit did the same, no certificate of appealability should be issued on Grounds Two and Three.


**Conclusion**


Based on the foregoing analysis, the Magistrate Judge respectfully recommends again that the Court enter judgment dismissing the Petition with prejudice, but granting a certificate of appealability on Ground One.


April 5, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail on Petitioner, three days are added under Fed.R.Civ.P. 6 to his time to object, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.