IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

JASON S. SEXTON,

        Petitioner,    :    Case No. 2:18-cv-424

  - vs -                       District Judge Sarah D. Morrison
                                Magistrate Judge Michael R. Merz

LYNEAL WAINRIGHT, Warden,
  Marion Correctional Institution

                                :

        Respondent.

## OPINION AND ORDER

This habeas corpus case is before the Court after remand by the United States Court of Appeals for the Sixth Circuit. *Sexton v. Wainwright*, 968 F.3d 607 (6th Cir. 2020). On appeal the circuit court vacated this Court's decision that Sexton's Ground One was barred by the statute of limitations in 28 U.S.C. § 2244(d) and remanded the case for consideration of Ground One on the merits. 968 F.3d at 614. The circuit court declined to grant a certificate of appealability on Grounds Two and Three, which remain dismissed on limitations grounds.

The sole Ground for Relief before this Court on remand is:

**Ground One:** Mr. Sexton was denied due process and equal protection of the law when the Franklin County Court of Appeals denied his motion for leave to file a direct appeal, and appointment of counsel for that appeal, a violation of the Fourteenth Amendment to the United States Constitution.

The Magistrate Judge has filed both a Report and Recommendations on the remanded issue (ECF No. 44) and a Supplemental Report and Recommendations

1

(ECF No. 51) reconsidering the case in light of the Warden's Objections (ECF No. 45) and Petitioner's Objections to the Report (ECF No. 50). The case is now before the Court on Petitioner's Objections to the Supplemental Report (ECF No. 56).

Under Fed.R.Civ.P. 72(b), a District Judge is required to consider *de novo* any portion of a Magistrate Judge's report and recommendations as to which objection is made. This Decision is the result of the Court's *de novo* consideration of both sets of Objections made by the Petitioner as well as the Warden's Response to Petitioner's most recent set of Objections (ECF No. 57).

I.  **Post-Remand Litigation**

The original Report interpreted Ground One as arguing that "the Franklin County Court of Appeals denied [Petitioner] due process of law and equal protection of the laws, both in violation of the Fourteenth Amendment to the United States Constitution, when it denied his request for a delayed direct appeal." (Report., ECF No. 44, PageID 384.) The Report recommended deferring to the Tenth District Court of Appeals rejection of this claim on the merits because the rejection was neither contrary to nor an objectively unreasonable application of clearly established Supreme Court precedent. *Id*. at 391.

Assuming *arguendo* that it was a constitutional violation to deny a delayed appeal, the Report also found it was harmless error because the sole assignment of error Sexton wished to raise on appeal is without merit. *Id*. at PageID 391-92. The Report also recommended rejecting the Warden's position that error in granting or denying a delayed appeal was not cognizable in habeas corpus because delayed

2

appeal is a collateral remedy. *Id.* at PageID 384-85.

Both Sexton and the Warden objected, and the Magistrate Judge filed a Supplemental Report. (ECF No. 51). Persuaded by the decisions of other judges of this Court that seeking a delayed appeal is a collateral attack on a criminal judgment and that errors in that process are not cognizable in habeas, the Supplemental Report reversed course and recommended Ground One be dismissed as not cognizable. (*Id.* at PageID 422).

Sexton objected that the Tenth District's decision was not entitled to deference because it was not made on the merits. The Supplemental Report rejected this argument on the basis of *Harrington v. Richter*, 562 U.S. 86 (2011). *Id.* at PageID 423-26. In response to the Report's conclusion that Sexton had cited no on-point Supreme Court precedent, Sexton relied in his Objections on *United States ex rel. Smith v. McMann*, 417 F.2d 648, 654 (2nd Cir. 1969), *cert. denied,* 397 U.S. 925 (1970). The Supplemental Report rejected this argument because a denial of certiorari lacks precedential value. (ECF No. 51, PageID 426-27).

Sexton's sole proof in the Tenth District that he was not told of his right to appeal was his own self-serving affidavit. The Report concluded the Tenth District's refusal to accept Sexton's Affidavit as conclusive proof was not an unreasonable determination of the facts. Sexton objected to the Magistrate Judge's refusal to accept the Affidavit as conclusive proof, but the Magistrate Judge declined to change his mind, writing "[n]o court is bound to accept as proven uncorroborated facts set forth in an affidavit prepared by an interested party twenty years after the

fact." (ECF No. 51, PageID 427-29).

Sexton's Fourth objection was that the Court had held no evidentiary hearing on his claims. (Objections, ECF No. 50, PageID 413-415). The Supplemental Report noted a hearing was barred by *Cullen v. Pinholster*, 563 U.S. 170 (2011).

## II.     Consideration of Petitioner's Objections

In his instant Objections, Sexton again claims he was misinformed by the trial court and his counsel about his appeal rights. (ECF No. 56, PageID 446). However, he points to no additional evidence from the State Court Record supporting this claim. It thus rests solely on his affidavit prepared twenty years after the events occurred. The Court agrees with the Magistrate Judge that the Tenth District Court of Appeals was not bound to accept the Affidavit as conclusive proof. Sexton relies on *State v. Silsby,* 119 Ohio St. 3d 370 (2008), for the proposition that direct appeals and delayed appeals are substantively and procedurally the same. That is true once a defendant obtains an appeal which is a matter of right for the first thirty days after conviction and then depends on a showing of good cause for a delayed appeal.

Sexton again objects that the Tenth District's decision was not on the merits. The Court agrees with the Magistrate Judge that the Tenth District's decision, though brief, was on the merits of the question at issue here: was Sexton entitled to a delayed appeal? Sexton has not overcome the presumption that state court decisions are on the merits recognized in *Harrington*.

In response to the Supplemental Report's conclusion that Sexton has cited no

Supreme Court precedent holding there is a right to a delayed appeal in state court, Sexton again cites *Wolfe v. Randle*, 267 F. Supp. 2d 743 (S.D. Ohio 2003). As the Supplemental Report notes, *Wolfe* is not a Supreme Court holding nor does it cite any Supreme Court holdings in point. (ECF No. 51, PageID 51, PageID 427). Sexton again objects to the Magistrate Judge's refusal to accept his Affidavit, but the Court agrees that the question is not what the Magistrate Judge believes, but whether it was reasonable for the Tenth District not to accept the Affidavit as conclusive proof.

Despite Sexton's objection, the Court agrees with the Magistrate Judge that *Pinholster* precludes an evidentiary hearing here. Sexton relies on *McClellan v. Rapelje*, 703 F. 3d 344 (6th Cir. 2013), but that court held "*Pinholster* only applies to limit consideration of additional evidence when the state court has previously decided the same merits issue later presented to the federal court." 703 F.3d at 350. But here the Tenth District did decide the issue presented in Ground One on the merits.

In the Report, the Magistrate Judge found that any error in not allowing a delayed appeal was harmless because the intended assignment of error was meritless. In the Supplemental Report the Magistrate Judge noted Sexton had not objected to this conclusion. (ECF No. 51, PageID 429-30). Sexton now objects (ECF No. 56, PageID 453-54). He offers no analysis to show his proposed assignment of error would have had merit but speculates that appointed counsel might come up with different assignments of error. The Court agrees with the Magistrate Judge

5

that Sexton has forfeited his right to object to the harmless error analysis in the Report.

Finally, Sexton objects that the Magistrate Judge did not order a complete state court transcript. When the case was filed, Magistrate Judge Vascura, to whom it was initially assigned, ordered the State to file "those portions of the state court record needed to adjudicate any defenses made in the response." (Order, ECF No. 2, PageID 22). The Warden filed portions of the State Court Record along with his Motion to Dismiss the Petition as time barred. (ECF Nos. 4, 5). Sexton previously requested that he be furnished with the transcripts. (ECF No. 13). The Magistrate Judge denied that request September 27, 2018. (ECF No. 17). Sexton's present objection is untimely – by more than two years.

### III. Conclusion

Based on the foregoing analysis, the Report (except as to the cognizability of Ground One) and the Supplemental Report are **ADOPTED** and Petitioner's Objections are **OVERRULED**. The Clerk will enter judgment dismissing the Petition with prejudice. The Court also **ADOPTS** the Magistrate Judge's recommendation that a certificate of appealability be issued on the question whether denial of a delayed appeal by an Ohio court of appeals states a claim for habeas corpus relief where the Petitioner claims neither the trial court nor his attorney informed him of his right to appeal.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**